IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* vs. JOSHUA SCOTT, *Defendant.* | Case No. 16-10003-02-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Joshua Scott's Motion for Compassionate Release and Motion to Appoint Counsel (Doc. 111). He seeks early release from prison due to having a higher risk of mortality if he were to contract COVID-19 in prison. The government opposes Defendant's motion. Defendant also filed an additional motion seeking the appointment of counsel (Doc. 118). For the reasons stated in more detail below, the Court denies Defendant's motions.

**I.  Factual and Procedural Background**

On October 20, 2016, Defendant pleaded guilty to possession with intent to distribute a controlled substance, specifically heroin, in violation of 21 U.S.C. § 841(a)(1). On March 6, 2017, Defendant was sentenced to 80 months imprisonment. Defendant's earliest projected release date is May 24, 2022.

On May 26, 2020, Defendant filed a motion seeking placement into a priority group of inmates being transferred to home confinement. In the alternative, he seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the risk of mortality in contracting COVID in prison. Defendant asserts that he has Klippel-Trenaunay Syndrome, a condition that may be complicated by COVID blood-clotting issues. He also contends that he has a hernia which may exacerbate circulatory issues if he were to contract COVID. The government opposes his motion.

In conjunction with Defendant's Motion for Compassionate Release, he also requested appointment of counsel. District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic. Under 20-8, the FPD has fifteen days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID. Here, the FPD notified the Court that it did not intend to represent Defendant.

Defendant also filed a second Motion to Appoint Counsel in which he states that he is not up to the task of filing a reply brief to the government's response. In this motion, he states that his primary reason for requesting release from prison is due to the fact that the BOP is not sending inmates off the compound for medical appointments during the COVID-19 pandemic. He contends he needs medical treatment for his underlying health conditions.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[1] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[2] The administrative exhaustion requirement is jurisdictional and cannot be waived.[3]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[4] Finally, the Court must ensure that any reduction in Defendant's

---

[1] *See* Pub. L. No. 115-391, 132 Stat. 5194.

[2] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[3] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction). *Cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[4] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[5]

### III.   Analysis

Defendant seeks either home confinement or a reduction in his sentence. The government asserts that the Court lacks jurisdiction. The Court agrees.

**A.   Exhaustion**

Defendant did not exhaust his administrative remedies. He does not state or demonstrate that he exhausted his right to appeal the BOP's failure to bring a motion on his behalf or that 30 days have passed since he submitted a request to the warden. Indeed, Defendant states that the exhaustion of administrative remedies would take another three to five months. Without any evidence of Defendant's exhaustion of administrative remedies, the Court lacks jurisdiction over Defendant's request for a reduction in sentence.

To the extent Defendant requests home confinement under the CARES (Coronavirus Aid, Relief, and Economic Security) Act, the Court also lacks jurisdiction. Although the CARES Act allows the BOP additional authority to grant and extend home confinement during the COVID-19

---

[5] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

pandemic,[6] it does not grant the Court jurisdiction to grant a request.[7] Thus, the Court does not have the authority to grant Defendant's request for home confinement.

In sum, Defendant did not exhaust his administrative remedies under the compassionate release statute, and the Court lacks jurisdiction over Defendant's request for compassionate release.

**B.     Counsel**

Defendant also requested the appointment of counsel to assist with the preparation and briefing of his compassionate relief motion.[8] As noted above, the FPD declined to enter an appearance on behalf of Defendant. There is no constitutional or statutory right to the appointment of counsel beyond the direct appeal of a criminal conviction.[9] Furthermore, Defendant's motion demonstrates that he adequately articulates his arguments for relief. Accordingly, the Court denies Defendant's request for the appointment of counsel.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Appoint Counsel and Motion for Compassionate Release (Doc. 111) is **DISMISSED WITHOUT PREJUDICE**.

---

[6] *See* Pub. L. 116-136, 134 Stat. 281 (enacted March 27, 2020). "[T]he CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic . . . ." *Read-Forbes*, 2020 WL 1888856, at *5. Section 12003(b)(2) of the CARES Act allows the Director of the BOP to lengthen the maximum amount of time a prisoner can be placed in home confinement pursuant to 18 U.S.C. § 3624(c)(2).

[7] *Read-Forbes*, 2020 WL 1888856, at *5 (citing *United States v. Engleson*, 2020 WL 1821797, at *1 (S.D.N.Y. 2020)); *see also United States v. Nash*, 2020 WL 1974305, at *2 (D. Kan. 2020) (noting that the court lacks jurisdiction to consider a request for home confinement under the CARES Act).

[8] Defendant requests the appointment of counsel in two different motions. Docs. 111, 118.

[9] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (citation omitted); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (noting that "[n]o right to counsel extends to a § 3582(c)(2) motion") (citations omitted).

**IT IS FURTHER ORDERED** that Defendant's Motion to Appoint Counsel (Doc. 118) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of September, 2020.

                                         ERIC F. MELGREN
                                         UNITED STATES DISTRICT JUDGE