IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

JOSHUA SCOTT,

    *Defendant.*

Case No. 16-10003-02-EFM

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Joshua Scott's Motion for Compassionate Release (Doc. 126) and Motion for Reconsideration of his Motion to Appoint Counsel (Doc. 127). He seeks early release from prison due to the COVID-19 pandemic. The government opposes Defendant's motion for release. For the reasons stated in more detail below, the Court denies Defendant's motions.

### I.    Factual and Procedural Background

On October 20, 2016, Defendant pleaded guilty to possession with intent to distribute a controlled substance, specifically heroin, in violation of 21 U.S.C. § 841(a)(1). On March 6, 2017, Defendant was sentenced to 80 months' imprisonment.

Defendant is 43 years old, and he is currently incarcerated at Englewood FCI. There have been 668 positive cases in the facility in which Defendant is housed, and no inmates have died.[1] Currently, there are five active inmate cases, no active staff cases, and no pending inmate tests. Defendant's earliest projected release date is May 24, 2022.

Defendant previously filed a Motion to Appoint Counsel and Motion for Compassionate Release. These motions were denied. The Court found that it did not have jurisdiction because Defendant had not first requested release from the Warden. In addition, the Court noted District of Kansas Standing Orders 19-1 and 20-8 which allow the appointment of the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release. The FPD declined to represent Defendant.

Defendant is now before the Court with another Motion for Compassionate Release and a Motion for Reconsideration of his request for counsel. Defendant asserts that he has exhausted his administrative remedies. He seeks early release from prison due to underlying medical conditions, the risk of contracting COVID-19, and the alleged failure to provide him medical care. Defendant also requests that the Court reconsider its denial to appoint counsel.[2]

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[3] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited February 1, 2021).

[2] The FPD again declines to represent Defendant.

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[4] The administrative exhaustion requirement is jurisdictional and cannot be waived.[5]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[6] Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[7]

### III.   Analysis

---

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[5] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction).

[6] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[7] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

Defendant seeks early release based on the spread of COVID-19 in prison and underlying health conditions. The government asserts that Defendant is not an appropriate candidate for early release.

**A.      Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c). He requested compassionate release from the Warden, and his appeal of that request was denied on November 12, 2020. As of the date this motion was filed, more than 30 days had passed since Defendant's request. The government also concedes that Defendant meets the exhaustion requirement. Thus, because more than 30 days have passed since Defendant's request, the Court will determine the merits of Defendant's motion.

**B.      Extraordinary and Compelling Reasons**

Defendant next asserts that his medical conditions of vascular disease affecting his legs and a hernia, coupled with the outbreak of COVID-19 in prison, constitute an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). Defendant's medical conditions are not recognized by the Centers for Disease Control and Prevention ("CDC") as ones that increase risk for severe illness from COVID-19.[8] Although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of contracting COVID-19 may be higher due to his underlying health conditions, he does not show a high risk. Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[9]

---

[8] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited February 1, 2021).

[9] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to

In this case, there is no widespread outbreak at the facility in which Defendant is housed. Accordingly, Defendant does not meet his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 126) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration his Motion to Appoint Counsel (Doc. 127) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 1st day of February, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").