## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      *Plaintiff,*

vs.                                     Case No. 16-10003-02-EFM

JOSHUA SCOTT,

      *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Joshua Scott's Unopposed Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 141). He seeks early release from prison due to the need for surgery and underlying health conditions that pose a risk for severe COVID-19 complications. The government does not oppose Defendant's motion for release. For the reasons stated in more detail below, the Court grants Defendant's motion.

### I.      Factual and Procedural Background

On October 20, 2016, Defendant pleaded guilty to possession with intent to distribute a controlled substance, specifically heroin, in violation of 21 U.S.C. § 841(a)(1). On March 6, 2017, Defendant was sentenced to 80 months' imprisonment. Defendant is 43 years old, and he is currently incarcerated at Englewood FCI. He has served the majority of his prison sentence. His

projected release date is May 24, 2022, with a move to a halfway house scheduled for November 2021.

This Court previously denied Defendant's request for release.  During the pendency of Defendant's appeal, the Tenth Circuit Court of Appeals decided *United States v. Avalos*.[1]  Due to this decision, the parties jointly requested that the circuit vacate this Court's previous order and remand the case for further proceedings consistent with *Avalos*.

Defendant is now before the Court with an Unopposed Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  Defendant contends that he has an urgent need for surgery to repair a hernia.  In addition, he states that he has vascular disease, which is now recognized in the current CDC guidelines as a condition that increases risk of severe illness and complications from COVID-19.

## II.      Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2]  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed

---

[1] 2021 WL 1921847 (10th Cir. 2021).  The circuit reversed the district court's denial of the defendant's motion for compassionate release because it found the district court's conclusion that smoking did not increase the risk of COVID-19 complications erroneous because it could not conclude that the district court relied on accurate CDC guidelines because the CDC guidelines had been updated since the date of the district court's decision. *Id.* at *2-3.

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is a mandatory claim-processing rule.[4]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5] Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

### III.    Analysis

Defendant seeks a reduction in sentence stating that he has an urgent need for surgery to repair a hernia.  In addition, he states that he has vascular disease, which is now recognized by the

---

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *Avalos*, 2021 WL 1921847, at *2 n.2 (noting that the circuit had not issued a published opinion on whether exhaustion was jurisdictional but that its unpublished decisions had only stated that exhaustion was a mandatory claim-processing rule).  The Tenth Circuit continues to note in unpublished opinions that it has not ruled on the issue. *United States v. Watson*, 2021 WL 2587907, at *1 n.1 (10th Cir. 2021).  This Court previously indicated that exhaustion was jurisdictional.  However, relying on the circuit's recent unpublished opinions, this Court will now treat administrative exhaustion as a claim-processing rule and if the government does not raise the issue, it will be waived.  *See Avalos*, 2021 WL 1921847, at *2 n.2.

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

CDC as a condition that increases risk of severe illness and complications from COVID-19. The government does not oppose the motion.

The Court previously found that Defendant exhausted his administrative remedy. The Court also finds that he presents an extraordinary and compelling reason warranting release based on his vascular disease and the need for surgical repair of an inguinal hernia. Defendant has waited 16 months for surgery, and due to the current COVID-19 environment, it is unlikely to happen while he is incarcerated. The Court finds that this medical condition, and the need for surgery, presents an extraordinary and compelling reason.

The Court also considers whether Defendant's sentence reduction complies with the applicable § 3553(a) factors.[7] Defendant has served most of his prison sentence, and he has performed well in prison. He has participated in programming and received no disciplinary violations. Finally, the United States Probation Office has investigated and approved Defendant's proposed release plan.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 141) is **GRANTED**. The Court reduces Defendant's sentence to time served.

**IT IS FURTHER ORDERED** that Defendant's Motion for Compassionate Release (Doc. 126) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this Order is stayed to make appropriate travel arrangements and to ensure Defendant's safe release. Defendant shall be released as soon as

---

[7] 18 U.S.C. § 3582(c)(1).

appropriate travel arrangements are made, and it is safe for Defendant to travel.  There shall be no delay in ensuring travel arrangements are made.

**IT IS FURTHER ORDERED** that Defendant's term of supervised release will begin immediately upon his release from the Bureau of Prisons.  All previously imposed terms, standard conditions, and special conditions of supervised release remain in effect.

**IT IS SO ORDERED**.

Dated this 27th day of July, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE